# EXHIBIT 1

**Exhibit 1**

## Case Information

DC-21-10123 | JOHN HARRIS vs. QUIKTRIP CORPORATION

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-21-10123 | 95th District Court | PURDY, MONICA |
| File Date | Case Type | Case Status |
| 08/03/2021 | PROPERTY | OPEN |

## Party

PLAINTIFF
HARRIS, JOHN

Address
212 W. SPRING VALLERY ROAD
DALLAS TX 75081

Active Attorneys ▾
Lead Attorney
SHELTON, JEFFREY D
Retained

DEFENDANT
QUIKTRIP CORPORATION

Address
BY SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

Active Attorneys ▾
Lead Attorney
BRISCOE, B KYLE
Retained

## Events and Hearings

08/03/2021 NEW CASE FILED (OCA) - CIVIL

08/03/2021 ORIGINAL PETITION ▾

PLAINTIFF S ORIGINAL PETITION

08/03/2021 ISSUE CITATION ▾

ISSUE CITATION

08/03/2021 JURY DEMAND

08/09/2021 CITATION▾

Served
08/13/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
08/16/2021
Comment
QUIKTRIP CORPORATION

08/16/2021 RETURN OF SERVICE ▾

EXECUTED CITATION - QUIKTRIP CORPORATION

Comment
EXECUTED CITATION - QUIKTRIP CORPORATION

09/02/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEF/ FILING ORIGINAL ANSWER

09/07/2021 TRIAL SETTING (JURY) ▾

95TH JURY TRIAL NOTICE I

Comment
Trial Notice and Scheduling Order e-mailed to counsel.

09/07/2021 SCHEDULING ORDER ▾

SCHEDULING ORDER (LEVEL 2)

Comment
LEVEL 2

09/12/2022 Jury Trial - Civil ▾

95TH JURY TRIAL NOTICE I

Judicial Officer
PURDY, MONICA

Hearing Time
9:00 AM

Comment
L2

## Financial

HARRIS, JOHN
    Total Financial Assessment                      $340.00
    Total Payments and Credits               $340.00

| | | | | |
|---|---|---|---|---|
| 8/5/2021 | Transaction Assessment | | | $340.00 |
| 8/5/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 50437-2021-DCLK | HARRIS, JOHN | ($340.00) |

## Documents

PLAINTIFF S ORIGINAL PETITION

ISSUE CITATION

EXECUTED CITATION - QUIKTRIP CORPORATION

DEF/ FILING ORIGINAL ANSWER

95TH JURY TRIAL NOTICE I

SCHEDULING ORDER (LEVEL 2)

Case 3:21-cv-02162-S   Document 1-2   Filed 09/10/21   Page 5 of 25   PageID 11

# EXHIBIT 2

Exhibit 2

**CT Corporation**

**Service of Process
Transmittal**
08/13/2021
CT Log Number 540076668

| | |
|---|---|
| **TO:** | Marshall Wells<br>QuikTrip Corporation<br>4705 S 129th East Ave<br>Tulsa, OK 74134-7008 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | QuikTrip Corporation  (Domestic State: OK) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOHN HARRIS, PLTF. vs. QUIKTRIP CORPORATION, DFT. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # DC2110123 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/13/2021 at 15:39 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/13/2021, Expected Purge Date: 08/18/2021 |
| | Image SOP |
| | Email Notification,  Marshall Wells  mwells@quiktrip.com |
| | Email Notification,  Kristen Snow  ksnow@quiktrip.com |
| | Email Notification,  Ronald Collins  rcollins@quiktrip.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Fri, Aug 13, 2021

**Server Name:**             Zach Goldberg

| Entity Served | QUIKTRIP CORPORATION |
|---|---|
| Case Number | dc-21-10123 |
| Jurisdiction | TX |



\#

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:   **QUIKTRIP CORPORATION**
      **BY SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEM**
      **1999 BRYAN STREET SUITE 900**
      **DALLAS TX  75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and  petition, a default judgment may be taken
against you. In addition to filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days
after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be
addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JOHN HARRIS**

Filed in said Court  **3rd day of August, 2021** against

**QUIKTRIP CORPORATION**

For Suit, said suit being numbered **DC-21-10123,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition, a copy of which accompanies this citation.  If this
citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 9th day of August, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By_____, Deputy
        FERNANDO SOTO



---

**ESERVE**

**CITATION**

**DC-21-10123**

**JOHN HARRIS**
vs.
**QUIKTRIP CORPORATION**

ISSUED THIS
**9th day of August, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  FERNANDO SOTO, Deputy

**Attorney for Plaintiff**
**JEFFREY D SHELTON**
MODJARRAD | ABUSAAD | SAID LAW
FIRM
212 WEST SPRING VALLEY ROAD
RICHARDSON TX  75081
972-789-1664
**JSHELTON@MAS.LAW**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

\#

\#

# OFFICER'S RETURN

Case No. : DC-21-10123

Court No.95th District Court

Style: JOHN HARRIS

vs.

QUIKTRIP CORPORATION

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of_____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of _____ County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said  _____ before me this  _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

\#

Notary Public _____ County _____

\#

FILED
8/3/2021 10:05 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Gay Lane DEPUTY

1 CIT/ ES/ JURY DEMAND

DC-21-10123

## CAUSE NO. _____

| | | |
|---|---|---|
| **JOHN HARRIS,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | 95th |
| | § | |
| **v.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **QUIKTRIP CORPORATION,** | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **John Harris** ("Plaintiff") complaining of and about **QuikTrip Corporation** ("Defendant"). For causes of action, Plaintiff respectfully shows unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level Two (2).

### II. PARTIES AND SERVICE

2. Plaintiff John Harris is an Individual residing in Dallas County, Texas.

3. Defendant QuikTrip Corporation is a Foreign For-Profit Corporation, doing business in Texas, and can be served through its registered agent CT Corporation System at: 1999 Bryan Street, Suite 900, Dallas, Texas 75201. **Issuance of citation is requested at this time.**

4. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

---

### III. JURISDICTION AND STATEMENT OF MONETARY RELIEF

5.   The subject matter in controversy is within the jurisdictional limits of this Court.

6.   Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

### IV. VENUE

7.   Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil
Practice and Remedies Code because all or a substantial part of the events or omissions
giving rise to this lawsuit occurred in this county.

### V. FACTS

8.   On or about June 22, 2020 Plaintiff entered the QuikTrip Store located at 1220 West
Mockingbird Lane, in Dallas, Dallas County, Texas.

9.   While shopping, Plaintiff entered the bathroom, and slipped and fell on a puddle of standing
water.

10.  As a result of the fall, Plaintiff suffered damages and personal injuries that remain until today,
and mental anguish, as well as deleterious effects on Plaintiff's quality of life.

11.  At all relevant time, Defendant's conduct, and that of its agents, servants, and employees,
acting within the scope of their employment, was the proximate cause of Plaintiff's injury.

12.  At all relevant time, there was no sign, cone, or such thing around the slippery area to warn
the patrons about the dangerous condition of the slippery floor, nor was the area quarantined.

### VI. PLAINTIFF'S CLAIM AGAINST DEFENDANT QUIKTRIP CORPORATION
### FOR PREMISES LIABILITY

13.  Plaintiff incorporates by reference the allegation set forth above as if the same were fully set
forth herein.

14.  At all relevant times, Defendant QuikTrip Corporation owned and/or had such control over

the premises in question that they owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

15. At all times relevant, Plaintiff entered Defendant's premises as a patron in response to Defendant's invitation and for their mutual benefit.

16. At all times relevant, the puddle of water and slippery floor posed an unreasonable risk of harm to Plaintiff.

17. The dangerous condition of the puddle of water and slippery floor was <u>not</u> open nor obvious to Plaintiff.

18. Defendant knew or reasonably should have known of the said dangerous conditions, yet failed to warn the patrons, including Plaintiff, to use extra care.

19. Defendant breached the duty of ordinary care by failing to reduce or eliminate the dangerous condition by rectifying or warning of the condition.

20. Plaintiff's injuries were proximately caused by Defendant QuikTrip Corporation negligent, careless and reckless disregard of said duties.

## VII. <u>LIABILITIES OF DEFENDANT QUIKTRIP CORPORATION UNDER RESPONDEAT SUPERIOR</u>

21. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

22. At all times relevant, Defendant QuikTrip Corporation was acting through their agents, employees and/or servants, under the doctrines of *respondeat superior*, *vicarious liability*, and/or *agency*.

23. Defendant QuikTrip Corporation is liable for the negligent acts and omissions of its agents, employees and/or servants, under the doctrines of *respondeat superior*, *vicarious liability*,

and/or *agency*.

24.   The negligence of Defendant QuikTrip Corporation, their agents, employees, and/or servants was the proximate cause of Plaintiff's injuries and damages.

## VIII. PLAINTIFF'S CLAIM OF HIRING, SUPERVISION, TRAINING, AND RETENTION AGAINST DEFENDANT QUIKTRIP CORPORATION

25.   Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

26.   Defendant QuikTrip Corporation had a legal duty to hire, supervise, train, and retain competent agents, employees and/or servants who exercise the degree of care that a reasonably careful person would use to maintain the premises at issue in a safe condition to avoid harm to others under circumstances similar to those described herein. Moreover, Defendant QuikTrip Corporation had a duty to enforce safety standards.

27.   Defendant QuikTrip Corporation failed the said duties.

28.   Defendant QuikTrip Corporation knew that their agents, employees and/or servants are not competent.

29.   Defendant QuikTrip Corporation breach of the said duties was the proximate cause of Plaintiff's damages and injuries.

## I. PROXIMATE CAUSE

30.   Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

31.   Each and every, all and singular, of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## IX. GROSS NEGLIGENCE

32. Defendant QuikTrip Corporation was grossly negligent as it exhibited a conscious disregard for the safety of their customers and business invitees, including the Plaintiff, by engaging in conduct that was not merely negligent, but reckless. Plaintiff seeks damages including exemplary damages.

## X. DAMAGES

33. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

34. Defendant QuikTrip Corporations actions and/or omissions set forth above, were the proximate cause of Plaintiff's injuries and damages.

35. As a direct and proximate result of the above-mentioned premises liability and/or negligent activity, made the basis of this lawsuit, Plaintiff was caused to suffer injuries, and to incur the following damages:

    a) Reasonable medical care and expenses in the past. These expenses were incurred by John Harris for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in Dallas County, Texas;

    b) Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred by John Harris in the future;

    c) Physical pain and suffering in the past;

    d) Physical pain and suffering in the future;

    e) Mental anguish in the past;

    f) Mental anguish in the future;

    g) Physical impairment in the past;

h)  Physical impairment in the future.

## XI. <u>EXEMPLARY DAMAGES</u>

36.  Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

37.  Defendant's negligent conduct set forth above constitutes gross negligence as alleged.

38.  Therefore, Plaintiff is entitled to, and expressly seeks, an award of exemplary damages against Defendant QuikTrip Corporation, in an amount to be determined by the trier of fact.

## XII. <u>NOTICE OF INTENT</u>

39.  Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## XIII. <u>TRCP 54 CONDITIONS PRECEDENT</u>

40.  Plaintiff pleads that all conditions precedent have been performed or have occurred.

## XIV. <u>JURY DEMAND</u>

41.  Plaintiff hereby demands a trial by jury.

## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff **John Harris** respectfully prays that Defendant **QuikTrip Corporation** be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant, for the following:

a)  Damages in an amount within the jurisdictional limits of the Court;

b)  Exemplary damages;

c)  Pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law;

d)  Post-judgment interest at the legal rate;

e)  Costs of court; and

f) Such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____

**JEFFREY SHELTON**
Texas Bar No. 24011458
jshelton@MAS.law
**NADER ARZANI**
Texas Bar No. 24111407
narzani@MAS.law
**DAVID KOBILKA**
dkobilka@mas.law
Texas Bar No. 24103284
**MODJARRAD | ABUSAAD | SAID, LAW FIRM.**
212 West Spring Valley Road
Richardson, Texas 75081
(972) 789-1664
(972) 789-1665 – Facsimile
*Attorneys for Plaintiff*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Madeline Meeker on behalf of Jeffrey Shelton
Bar No. 24011458
mmeeker@mas.law
Envelope ID: 55943139
Status as of 8/5/2021 10:57 AM CST

Associated Case Party: JOHNHARRIS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Nader Arzani | | narzani@modjarrad.com | 8/3/2021 10:05:42 AM | SENT |
| Neslie Hernandez | | NHernandez@mas.law | 8/3/2021 10:05:42 AM | SENT |
| Madeline Meeker | | mmeeker@modjarrad.com | 8/3/2021 10:05:42 AM | SENT |
| Jeff Shelton | | jshelton@modjarrad.com | 8/3/2021 10:05:42 AM | SENT |
| Jasmine Solano | | jsolano@mas.law | 8/3/2021 10:05:42 AM | SENT |
| Daphne K.Steele | | dsteele@modjarrad.com | 8/3/2021 10:05:42 AM | SENT |
| Melissa Viera | | mviera@modjarrad.com | 8/3/2021 10:05:42 AM | SENT |

# EXHIBIT 3

| Exhibit 3 |
| --- |

FILED
9/2/2021 1:53 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kellie Juricek DEPUTY

Case 3:21-cv-02162-S   Document 1-2   Filed 09/10/21   Page 20 of 25   PageID 26

CAUSE NO. DC-21-10123

| | | |
|---|---|---|
| JOHN HARRIS | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 95th JUDICIAL DISTRICT |
| | § | |
| QUIKTRIP CORPORATION, | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT**:

Defendant QuikTrip Corporation ("Defendant") files this Original Answer to Plaintiff's Original Petition and, in support thereof, would respectfully show as follows:

### I.
### GENERAL DENIAL

1.     Defendant denies each and every material allegation contained in Plaintiff's Original Petition, and all amendments and supplements thereto, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence and/or clear and convincing evidence to a jury, if he can so do.

### II.
### DEFENSES

2.     Defendant specifically denies Plaintiff's claims that it was negligent, and Defendant denies that Plaintiff has stated a viable cause of action for negligence.

3.     Defendant asserts that Plaintiff's contributory negligence, actions, or omissions were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any, as Plaintiff failed to keep a proper lookout for the alleged unreasonably dangerous condition.

4.      To the extent applicable, Defendant may show that the acts or omissions of third persons not under the control of Defendant were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any.

5.      Defendant asserts that it had neither actual nor constructive knowledge of the condition about which Plaintiff complains and that, in any event, the alleged hazard was not "unreasonably dangerous."

6.      Defendant may alternatively show that it adequately warned Plaintiff of the condition, or that the condition was open and obvious, relieving Defendant of any duty to warn of the condition or make it safe.

7.      Defendant may further show that the damages of which Plaintiff complains, if any, were the result of prior, pre-existing, or subsequent injuries, accidents or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions were the sole or a contributing cause of Plaintiff's damages, if any.

8.      Defendant may further show that Plaintiff breached his duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

9.      Defendant may further show that Plaintiff is malingering as that term is known in the law.

10.     Defendant may further show that the accident complained of was an unavoidable accident as that term is known in law.

11.     Defendant further asserts that any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

12.     Defendant asserts that it is entitled to contribution, indemnity, and all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law, in the unlikely event that an adverse judgment is rendered against them in this matter.

13.     Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

14.     Defendant asserts that Plaintiff has failed to satisfactorily plead, present, or prove a claim which would entitle him to an award of exemplary damages and, as such, Defendant contends that any such contention be stricken and that any such award be set aside.

15.     Defendant further plead the defense of unconstitutionality and says any award of exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and the similar provisions of the Texas Constitution. Furthermore, the imposition of exemplary damages constitutes an excessive fine in violation of the Eighth Amendment, denies Defendant the equal protection of the laws under the Fourteenth Amendment, and violates the due process clauses of the Fifth and Fourteenth Amendments. Any claim by Plaintiff for

exemplary damages should be stricken as unconstitutional and any award of exemplary damages should be set aside for the reasons stated above.

### III.
### COURT REPORTER REQUESTED

16.     Defendant respectfully demands a court reporter be present at all proceedings before the Court.

### IV.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for such other and further relief to which Defendant may show itself justly entitled, in law or in equity.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Chris M. Blanton**
State Bar No. 00796218
cblanton@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on September 2, 2021.

/s/ B. Kyle Briscoe
**B. Kyle Briscoe**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 56917149
Status as of 9/3/2021 8:56 AM CST

Associated Case Party: JOHN HARRIS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nader Arzani | | narzani@mas.law | 9/2/2021 1:53:35 PM | SENT |
| Jeff Shelton | | jshelton@mas.law | 9/2/2021 1:53:35 PM | SENT |
| Melissa Viera | | mviera@mas.law | 9/2/2021 1:53:35 PM | SENT |
| Madeline Meeker | | mmeeker@mas.law | 9/2/2021 1:53:35 PM | SENT |
| Daphne K.Steele | | dsteele@mas.law | 9/2/2021 1:53:35 PM | SENT |
| Jasmine Solano | | jsolano@mas.law | 9/2/2021 1:53:35 PM | SENT |
| Neslie Hernandez | | NHernandez@mas.law | 9/2/2021 1:53:35 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 9/2/2021 1:53:35 PM | SENT |
| Chris M.Blanton | | cblanton@peavlerbriscoe.com | 9/2/2021 1:53:35 PM | SENT |
| Brandi Spillers | | bspillers@peavlerbriscoe.com | 9/2/2021 1:53:35 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 9/2/2021 1:53:35 PM | SENT |