# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JOHN HARRIS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-2162-S |
| | § | |
| QUIKTRIP CORPORATION | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff's Stipulation of Facts and Motion to Remand ("Motion") [ECF No. 5]. Having considered the Motion, Defendant's Response to Plaintiff's Motion ("Response") [ECF No. 10], and the briefing of the parties, for the reasons set forth below, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this case to state court.

### I. BACKGROUND

This case arises from a mishap involving a man, a gas station, and a puddle. Plaintiff John Harris ("Plaintiff") brought suit against Defendant QuikTrip Corporation ("Defendant") to recover for injuries Plaintiff allegedly sustained after slipping in a puddle of water at a Dallas QuikTrip station. *See generally* Pl.'s Original Pet. ("Petition"), Def.'s Notice of Removal [ECF No. 1], Ex. 2. Plaintiff originally filed his Petition in Texas state district court on August 3, 2021, asserting claims under theories of negligence, gross negligence, and premises liability, and seeking actual and exemplary damages. *Id.*

Defendant timely removed, and the parties appeared before the Court on October 1, 2021 for a scheduling conference pursuant to Federal Rule of Civil Procedure 16. *See* Notice of Removal; *see also* ECF No. 6. At the hearing, Plaintiff stipulated on the record to an amount in controversy of less than $75,000. And on the same day, Plaintiff filed the instant Motion stipulating that his claims do not exceed $75,000. Mot. 1.

1

## II. LEGAL STANDARD

Any civil action brought in a state court over which the federal district courts have original jurisdiction may be removed to the district court where the action is pending. 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction, possessing power to hear cases as authorized by the Constitution or statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). A federal court must presume that a cause of action lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (citation omitted). Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt about the propriety of removal jurisdiction is resolved in favor of remand. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted).

When a suit is removed on the basis of diversity, the removing party must establish by a preponderance of the evidence that: (1) the amount in controversy exceeds $75,000; and (2) all persons on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019). Diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

## III. ANALYSIS

The parties do not dispute that Plaintiff, a Texas citizen, is completely diverse from Defendant, an Oklahoma corporation with a principal place of business in Oklahoma. Notice of Removal 2; *see also* Pet. ¶ 2. Nor does Plaintiff contest that Defendant timely filed its Notice of Removal. Rather, the issue is whether the amount in controversy in this case exceeds the minimum $75,000 required to confer subject matter jurisdiction.

In the Petition, which was the operative pleading at the time of removal, Plaintiff states that he "seeks monetary relief over $250,000 but not more than $1,000,000."[1] Pet. ¶ 6. After removal, Plaintiff filed the instant Motion stipulating that his damages "do not now and will not in the future exceed" $75,000, and that he will at no time seek monetary relief in excess of that amount. Mot. 1. Plaintiff thus seeks remand for lack of subject matter jurisdiction. *Id.* In response, Defendant asserts that Plaintiff's post-removal stipulation does not divest the Court of jurisdiction. Resp. 3. Because Plaintiff's Petition alleges "a sum certain" exceeding the jurisdictional threshold, Defendant argues, that amount controls. *Id.*

The amount in controversy is determined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). To determine whether the amount in controversy is met, courts first look to whether the plaintiff has alleged a specific amount of damages in the petition. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). When the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citation omitted). If the petition does not allege a specific amount of damages, however, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]."). *Id.* at 1335 (quoting *De Aguilar*, 11 F.3d at 58).

A court can determine that removal is proper if it is facially apparent from the petition that a plaintiff's damages exceed $75,000. *Id.* Alternatively, if the "facially apparent" test is not met, the removing defendant may provide "summary-judgment-type" evidence to demonstrate that the

---

[1] Texas Rule of Civil Procedure 47 requires plaintiffs to elect one of five predefined ranges of damages in their original pleading. *See* Tex. R. Civ. P. 47(c). Actions seeking monetary relief of less than $250,000 are subject to an expedited action process with limited discovery. *See* Tex. R. Civ. P. 169. Plaintiff may have elected "monetary relief over $250,000 but not more than $1,000,000" to avoid the expedited trial track upon filing his petition, a practice that is not uncommon in Texas state court by both plaintiffs and defendants.

claims exceed the jurisdictional threshold. *Id.* at 1336. If the defendant can show that the amount in controversy exceeds $75,000, federal jurisdiction is warranted unless the plaintiff is able to show that it is "legally certain" that her recovery will not exceed the jurisdictional amount. *See De Aguilar*, 47 F.3d at 1412 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

Though Plaintiff stipulates that his damages do not exceed $75,000, such a post-removal stipulation as to the amount in controversy does not necessarily divest the Court of jurisdiction. *Gebbia*, 233 F.3d at 883 (citation omitted) ("[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."). However, because here the Petition alleges a non-specific range of damages, Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 to establish jurisdiction. *See, e.g., Plunkett v. Companion & Cas. Ins. Co.*, No. 1:15-cv-474, 2016 WL 8931300, at *3 (E.D. Tex. Apr. 8, 2016) ("In situations where the petition alleges only a range of damages and not a specific amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.").

In making this determination, the Court examines whether the amount in controversy likely exceeds $75,000 on the face of the Petition. *Allen*, 63 F.3d at 1335-36. In the Petition, Plaintiff claims generally that he has "suffered damages and personal injuries that remain until today," but does not specify the injuries sustained or their severity. Pet. ¶ 10. Plaintiff broadly asserts boilerplate damages for unidentified past and future medical treatment, physical pain, physical impairment, and mental anguish. *Id.* ¶ 35. Based on these allegations, Plaintiff seeks to recover

actual and exemplary damages. *Id.* ¶ 38. The Petition provides no further information on the monetary value of Plaintiff's claims—for example, details regarding the alleged injuries, or the type, extent, and cost of medical treatment incurred. Accordingly, the Court finds that it is not facially apparent from the Petition's nondescript general allegations that the amount in controversy exceeds $75,000. *Compare Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850-51 (5th Cir. 1999) (finding complaint did not support diversity jurisdiction when plaintiff alleged, with little specificity, damages for a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions, unidentified medical expenses, and her husband alleged loss of consortium), *with Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (affirming district court's finding that claims exceeded $75,000 when plaintiff alleged damages for property, travel expenses, an emergency ambulance trip, a six-day hospital stay, pain and suffering, humiliation, and temporary inability to do housework after hospitalization); *see also Saenz v. Pradad*, 3:16-CV-00509-DCG, 2017 WL 10774807, at *4 (W.D. Tex. Feb. 3, 2017) (citation omitted) (finding plaintiff's nondescript allegations that she "suffered injuries to the head, neck and back; incurred extensive past medical expenses, suffered past physical impairment, suffered past physical pain, and will in reasonable medical probability incur extensive future medical expenses, suffer future physical pain, and future physical impairment" did not support the minimum jurisdictional amount).

While "summary-judgment-type" evidence may demonstrate that claims likely exceed $75,000 even when it is not facially apparent that the amount in controversy is met, *Allen*, 63 F.3d at 1336, Defendant has not offered any such evidence or information here. Rather, the only documents filed with Defendant's Response are the Petition, proof of service, the Notice of Removal, and the Court's notice regarding consent to proceed before a magistrate judge. *See*

Defendant's Appendix in Support of its Response to Plaintiff's Motion to Remand [ECF No. 12]. The Court thus finds that Defendant has not met its burden to establish subject matter jurisdiction by a preponderance of the evidence. Bearing in mind that removal is to be "strictly construed" and "any doubt about the propriety of removal jurisdiction is resolved in favor of remand," *Gasch*, 491 F.3d at 281-82, the Court must remand for lack of subject matter jurisdiction.

### IV.   CONCLUSION

For the reasons discussed above, Plaintiff's Stipulation of Facts and Motion to Remand is **GRANTED**. Because the Court does not have subject matter jurisdiction, this case is **REMANDED** to the 95th Judicial District Court, Dallas County, Texas, for further proceedings. *See* 28 U.S.C. §§ 1332(a), 1441(a).

**SO ORDERED.**

SIGNED November 11, 2021.

                                                      **KAREN GREN SCHOLER**
                                                      **UNITED STATES DISTRICT JUDGE**